ABRAHAM LEVIN *vs.* THE NEW BRITAIN KNITTING COM-
PANY.

First Judicial District, Hartford, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In August the plaintiff, a real estate broker, secured written authority
from the defendant to sell its mill property upon certain terms
therein stated. *Held* that the existence of this writing, which
contained no reference to any past services of the plaintiff, did
not preclude him, in an action for his commission, from proving
either that his services were rendered long before August under
an independent oral agreement, or that the authority given in Au-
gust was but the written expression of the earlier oral understand-
ing of the parties, and therefore applied to such antecedent ser-
vices.

Where the meaning of a written instrument can be understood only by
the aid of extrinsic facts, its construction is generally a question
for the jury.

Argued October 4th—decided November 7th, 1905.

ACTION to recover for services rendered in effecting a
sale of real estate, brought to the Superior Court in Hartford
County and tried to the jury before *Gager, J.;* verdict for
the plaintiff for $1,350, and appeal by the defendant. *No
error.*

*Frank L. Hungerford,* for the appellant (defendant).

*William F. Henney* and *James Roche,* for the appellee
(plaintiff).

HALL, J. The plaintiff, a real estate broker of New
Britain, is seeking by this action to recover a commission
of two per cent. upon the selling price of certain land and
mill property conveyed by the defendant to P. & F. Corbin
in September, 1904. The case was tried in the Superior
Court to the jury, and a verdict was rendered for the plaintiff
for $1,350.

In the appeal to this court the defendant claims that the trial court erred (1) in admitting certain evidence ; (2) in giving certain instructions to the jury ; and (3) in denying its motion for a new trial upon the ground that the verdict was against the evidence.

The ruling upon evidence, complained of, was in permitting the plaintiff to prove that in March, 1904, he made an oral agreement with the defendant, by the terms of which the property in question was then placed in his hands for sale upon a certain commission ; and that under this agreement he rendered services in said month of March in procuring the purchaser to whom the property was sold in the following September. This evidence was objected to upon the ground that on the 3d of August a written contract was entered into by the plaintiff and defendant, in which the terms upon which the property in question was placed in the plaintiff's hands for sale were stated, and parol evidence was not admissible to prove a different agreement. The written contract referred to was afterwards introduced in evidence by the plaintiff. It consisted of two writings, each dated August 3d, 1904, signed by the defendant and addressed to and received by the plaintiff on that day. One of the writings, after describing the land and mill property and machinery to be sold, contained this language : " The above is a general description of our property which we are offering for sale, and we shall be glad to have you consider it in your hands for disposition without prejudice to the other methods we are using to effect a sale, at $75,000 for the real estate and $125,000 for machinery and fixtures." The other writing contained this statement : " Our understanding is that in placing our property in your hands for sale we do so without prejudice in any way to the other methods we are using to effect a sale, and if you secure a customer wholly through your own methods, you are to receive the usual commission paid in such cases." The written contract contained no statement as to whether its terms were intended to apply to past or to future services.

There was no error in the ruling admitting proof of the

parol agreement.   The amended complaint alleges that in
March, 1904, the defendant requested the plaintiff to find
for it a purchaser of its mill and lands ; that the plaintiff
procured a purchaser ; and that his services were reasonably
worth a stated sum.   The only answer is a denial of all the
allegations of the complaint.   It appears from the finding,
that under this denial the defendant claimed at the trial that
the plaintiff was never employed by the defendant, either by
parol or written contract, to render any services in the sale
of said property, prior to August 3d, 1904, and that in per-
forming any services prior to that date he " had been purely
a volunteer."   As the services claimed to have been rendered
by the plaintiff appear to have been largely, if not wholly,
performed by him before August 3d, 1904, it became neces-
sary for him at the trial—in view of the fact that there was
no provision in the written contract that it should apply to
services previously rendered, and of the defendant's claim
that the plaintiff had no authority whatever to act for it
previous to August 3d—to prove either that the contract of
August 3d was but the written expression of an agreement
made in March, and therefore applied to the services ren-
dered in March ; or to prove that the services rendered in
March were performed under a different and independent
contract from that of August.   Either of these courses was
open to the plaintiff to prove the alleged request.   The fact
that in August a written contract was executed stating the
terms upon which the plaintiff might sell the property, but
containing no reference to past services rendered for that
purpose, did not prevent the plaintiff from showing that there
were two independent contracts, one oral, concerning services
rendered before August 3d, and the other written, concern-
ing services to be rendered after that date, and that the
services in question were rendered under the former; nor
from proving his previous transactions with the defendant
for the purpose of showing that the contract of August 3d
was not wholly prospective in its application, but was in-
tended to cover services rendered before that date.   Evidence
of the claimed oral agreement of March was admissible to

establish either of these claims, and as tending to prove that the plaintiff was not a mere volunteer in what he did before August 3d, but was acting at the defendant's request.

The defendant complains in its appeal that the trial court erred in charging the jury that it was for them to determine whether there was a contract made in March, and "if so, whether that contract continued down to August, and if it did, whether the contract of August 3d is [was] to be taken as covering the terms under which all of those services were rendered, or whether on the other hand the contract of August 3d is [was] the first time the parties entered into any contract relations with each other with reference to the sale of this property." It also complains that the trial court erred in using this language in the charge: "Now, if you find a contract express or implied, I think it pretty reasonably clear that you must find some sort of a contract under this letter of August 3d, 1904, at least if you find a contract express or implied, and I say implied because if possibly you shall find the fact that it carries it back to March, then the question arises, has the plaintiff satisfied you by a fair preponderance of evidence that he procured a purchaser." The defendant's criticism of this language seems to be that it was an instruction that the plaintiff might recover under the March agreement, without proof that he had procured a customer wholly through his own efforts, as required by the August contract; and that it left it to the jury to decide whether the August contract "covered the terms under which all services were rendered," when "they should have been distinctly told that such was the case."

Upon reading the entire charge we are satisfied that the defendant has no reason to complain of this language of the trial judge. The construction of a written instrument is a matter of law, when the meaning is to be ascertained from the document itself; but where the meaning can be understood only from extrinsic facts, the construction is generally a question of fact for the jury. *Jennings* v. *Sherwood*, 8 Conn. 122, 127; *Wooster* v. *Butler*, 13 id. 309, 318; *School District* v. *Lynch*, 33 id. 330, 333. The defendant cannot

consistently claim that the court should have charged the jury as a matter of law that the written contract of August 3d showed upon its face that it applied to services rendered previous to its date. The defendant did not desire such a charge. On the contrary, its claim at the trial was that the written contract did not show upon its face that it applied to any services rendered before its date, and that if it was the only contract made by the parties, it could only apply to services rendered afterward; but that if the jury should find that there was a parol contract in March, then the written one of August superseded the parol agreement and applied to such services as were rendered before August 3d.

Without deciding that the trial court was required to instruct the jury as it did, as to the effect of the written contract upon any previous oral agreement, the charge upon that matter was in accordance with the defendant's claim. As we read it, it made the plaintiff's right to recover for services rendered prior to August 3d depend upon proof that there was an oral agreement in March, and that the plaintiff in procuring a purchaser had complied with the terms of the written agreement of August, and did not authorize a recovery under any oral agreement differing from the written one. Without reviewing the entire charge of the trial judge, we quote from it the following as sustaining the views we have expressed. " And if you shall find that the parties had before that, in March, as claimed by Mr. Levin, made an arrangement for the sale of this property with the plaintiff, a verbal arrangement, then the paper executed in August must be taken as being the statement of the contract on all points covered by the paper, and reaching back to the time when the parties came together in reference to this matter, if you shall find they did come together in March. Now, confessedly, if no prior contract, that is, prior to August 3d, 1904, had been made, and you shall so find, the contract should then be taken as relating to the services after August 3d, 1904."

Upon an examination of the evidence before us we are satisfied that the trial judge, in refusing to set aside the ver-

dict as against the evidence, upon the ground that to do so " would be to pass upon the weight and credibility of testimony," committed no error.

There is no error.

In this opinion the other judges concurred.